# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MATTHEW ALLEN LAW and | ) | Case No. 04-46609 |
| ANGELA VICTORIA LAW, | ) | |
| | ) | |
| Debtors. | ) | |

## **MEMORANDUM OPINION**

It is well established law in this jurisdiction that a tax refund arising from an overpayment of taxes or from the federal earned income credit constitutes property of the estate and is not exempt under Missouri law. What is not clear, though, is whether a tax refund arising from the federal child tax credit is property of the estate, and that is the question now before the Court. The Debtors maintain that the portion of their federal income tax refund attributable to the child tax credit ($2,000 out of $4,703) is not property of the estate, but the chapter 7 panel trustee assigned to their bankruptcy case, David C. Stover, disagrees. The Court held a hearing on this matter on June 7, 2005. Both parties appeared in person and through counsel. The Court took the matter under advisement at the conclusion of the hearing.

Upon consideration of the parties' arguments and the relevant law, the Court is ready to rule. The following constitutes the Court's Findings of Fact and Conclusions of Law in accordance with Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

There is no factual dispute. The Debtors filed for protection under chapter 7 of the Bankruptcy Code on October 25, 2004. The Debtors' 2004 Federal income tax return provides for a total refund of $4,703.[1] The tax refund calculated on their Form 1040 may be summarized as follows:

---

[1] Although the Debtors have only produced an unsigned, undated copy of their 2004 tax return, the Court presumes that it was timely filed.

| **"Taxes and Credits"** | |
|---|---|
| Tax on Taxable Income (line 43) | ($69) |
| Child Tax Credit (line 51) | $69 |
|  |  |
| **"Other Taxes"** | |
| Self-Employment Tax (line 57) | ($410) |
|  |  |
| **"Payments"** | |
| Taxes Withheld (line 63) | $1,122 |
| Earned Income Credit (line 65a) | $2,060 |
| Additional Child Tax Credit (line 67) | $1,931 |
|  |  |
| **Total Federal Income Tax Refund** | **$4,703** |

Of this refund, the Debtors' amended bankruptcy Schedules B and C indicate that only $2,207.29 is property of the estate.[2] The Debtors arrive at this figure by deducting the $2,000 child tax credit from the total refund and then calculating the pre-petition pro rata portion (298/365) of the remainder.[3] The Trustee's objection ensued.

## DISCUSSION

Two preliminary matters: First, the Trustee brought this matter to the attention of the Court by way

---

[2] The Debtors' Schedules B and C combine the federal and state tax refunds, listing a total refund of $2,822.06. For purposes of this Opinion, which is only concerned with the federal refund, the Court has subtracted the amount attributable to the estate's interest in the state tax refund – $614.78 ($750 x 298/365).

[3] In other words, the Debtors calculated the estate's interest in the tax refund by deducting the entire $2,000 rather than a pro rata portion of it. This methodology is logically consistent with the Debtors' contention that none of the $2,000 is property of the estate; however, because the Court finds that the refundable portion of the child tax credit is property of the estate, the Court's ultimate calculation of the estate's interest in the tax refund includes a pro rata adjustment of the entire refund.

of an objection to the Debtors' exemption, but the Trustee's objection does not actually speak to the propriety of the exemptions claimed by the Debtors in their tax refunds. This disconnect may be attributable to the Debtors' description of the tax refund in Schedule C to advance their position that the child tax credit was not property of the estate. In truth, the actual exemptions claimed on Schedule C for the tax refunds – $531.62 pursuant to Mo. Rev. Stat. § 513.430(3) and $1,293.38 pursuant to Mo. Rev. Stat. § 513.440 – have not been challenged, and the Court finds that they are, indeed, valid.

The actual issue raised by the Trustee in his objection and addressed by both parties at the June 7, 2005 hearing, is whether the $2,000 portion of the tax refund attributable to the "Child Tax Credit" is property of the estate. The Trustee contends that it is, and the Debtors, relying on *In re Schwartz*,[4] maintain that it is not.

Second, some clarification of the property at issue is necessary. Both of the parties focus their arguments on a supposedly unitary $2,000 child tax credit. However, the federal child tax credit received by the Debtors actually has two distinct components – a non-refundable component, denominated on Form 1040 as the "Child Tax Credit," and a refundable component, denominated on Form 1040 (under the "Payments" section) as the "Additional Child Tax Credit." The non-refundable portion is limited by the amount of tax owed, and the refundable portion is only available to taxpayers meeting certain criteria beyond what is required to qualify for the Child Tax Credit.[5] In this case, the Debtors qualified for both, taking a $69 Child Tax Credit against their total tax liability,[6] and receiving a $1,931 refund as an Additional Child Tax Credit. As discussed below, the distinction between the refundable and non-refundable components of the federal child tax credit is crucial.

Whether a federal child tax credit (either component) is property of the estate is an issue of first impression in this Court, as it would be in most other jurisdictions judging from the paucity of cases discussing a debtor's interest in the credit. And of the few cases that have discussed it, only two have

---

[4] 314 B.R. 433 (Bankr. D. Neb. 2004).

[5] *See* 26 U.S.C. § 24.

[6] The Debtors actually had an additional $410 in self-employment taxes, but the Internal Revenue Code does not allow the application of the Child Tax Credit toward those taxes.

specifically addressed whether a child tax credit is property of the estate – *In re Beltz* and *In re Swartz*. The court in *Beltz* held that the entire credit was property of the estate,[7] and the court in *Swartz* held that it was not. The other cases discussing the child tax credit have implicitly held that the credit is property of the estate, as a predicate to a determination of whether the credit was exempt under state law as a form of public assistance.[8] Obviously, the discussion of whether a debtor could claim an exemption in the federal child tax credit would be moot unless the credit is first considered property of the bankruptcy estate.

In the tradition of Solomon, this Court will split the proverbial and literal child (tax credit), by holding that the refundable portion of the child tax credit claimed by the Debtors ($1,931) is property of the estate but that the non-refundable portion ($69) is not. In doing so, we respectfully disagree with *Swartz*.[9]

The decision here is driven by the Supreme Court's statement in *Sorenson v. Secretary of the Treasury of the United States*[10] that the refundability of the federal earned income tax credit ("EIC")

---

[7] 263 B.R. 525 (Bankr. W.D. Ky. 2001). Although this Court's ruling overlaps with the holding in *Beltz, Beltz*'s holding is of limited assistance due to the brevity of its discussion on this issue and the fact that it was a chapter 13 case. The *Beltz* court concluded (without a discussion of its dual components) that the child tax credit was property of the chapter 13 estate because the earned income credit – a credit similar to the child tax credit – is considered property of the estate in chapter 7 and the definition of property of the estate is broader in chapter 13.

[8] *In re Koch*, 299 B.R. 523 (Bankr. C.D. Ill. 2003) (determining that the Additional Child Tax Credit is exempt under Illinois law but that the Child Tax Credit is not); *In re Steinmetz*, 261 B.R. 32 (Bankr D. Idaho 2001) (holding that Additional Child Tax Credit is not exempt under Idaho law); *In re Dever*, 250 B.R. 701 (Bankr D. Idaho 2000) (holding that Child Tax Credit is not exempt under Idaho law). This issue is not presently before the Court.

[9] There is actually common ground between *Swartz* and the Court's holding here. *Swartz* also draws a distinction between the refundable and non-refundable components of the child tax credit and cites its partial non-refundability as a key distinction between the child tax credit and the EIC. This Court's holding simply gives further significance to the refundable / non-refundable distinction, with the non-refundable portion of the credit excluded from the estate and the refundable portion entering the estate.

[10] 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

makes it "inseparable from its classification as an overpayment of tax,"[11] and the precedent in this jurisdiction that overpayments of tax, *i.e.*, tax refunds (including the EIC) are property of the estate.[12] The Court recognizes that there are differences in underlying policy and mechanics between the EIC and the child tax credit, but the Court finds the Supreme Court's emphasis on refundability to be dispositive on this issue.[13]

## CONCLUSION

Having determined that the non-refundable portion of the child tax credit claimed by the Debtors is property of the estate, we calculate that the pre-petition pro rata portion of the Debtors' federal tax refund is $3,839.70 ($4,703 x 298/365). Adding this amount to the pre-petition pro rata portion of the Debtors' Missouri tax refund of $614.78, and subtracting the valid exemptions claimed on Schedule C ($1,771), the Court finds that $2,728.48 of the Debtors' combined federal and state tax refunds constitutes

---

[11] *Sorenson*, 475 U.S. at 859, 106 S.Ct. at 1606.

[12] *Davis v. Robinson* (*In re Robinson*), 152 B.R. 956, 958 (Bankr. E.D. Mo.1993) (citing *In re Wallerstedt*, 930 F.2d 630 (8th Cir.1991)). *See also, Kokoszka v. Belford*, 417 U.S. 642, 648, 94 S.Ct. 2431, 2435, 41 L.Ed.2d 374 (1974) (holding that an income tax refund is sufficiently rooted in the pre-petition past to be defined as property under the bankruptcy act).

Regarding the EIC, *see In re Goertz*, 202 B.R. 614, 616 (Bankr. W.D. Mo.1996). *See also*, *Williamson v. Montgomery* (*In re Montgomery*), 219 B.R. 913, 917 (B.A.P. 10th Cir. 1998), aff'd, 224 F.3d 1193 (10th Cir. 2000) (holding that EIC's are classified as a tax overpayment and are, therefore, property of the estate); *Johnston v. Hazlett* (*In re Johnston*), 209 F.3d 611, 613 (6th Cir. 1999) (holding that an EIC available to a debtor at the end of the tax year in which she filed her Chapter 7 bankruptcy petition is included in property of the estate, even though she filed her petition prior to the end of the year).

[13] Although not dispositive, the Court's separate treatment of the refundable and non-refundable portions of the child tax credit is further justified by the separate treatment of the two on Form 1040, with the non-refundable credit appearing as a tax credit limited by the taxpayer's tax liability and the refundable portion treated as a tax <u>payment</u>, in the same category as an EIC.

5

non-exempt property of the estate and must be turned over to the Trustee.[14]

A separate order consistent with the findings and conclusions herein will be issued pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 27th day of June 2005.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
David C. Stover
Tracy Robinson

---

[14] The other bankruptcy judges in the Western District have indicated that they will likewise consider such refunds to be property of the bankruptcy estate.